UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 14-10021-CR-KING

UNITED STATES OF AMERICA,

v.

CHARLES VEACH, RYAN VEACH, TYSON
VEACH, DENNIS DALLMEYER, and SUPER
GROUPER, INC.,

    Defendants.
_____/

## ORDER OVERRULING OBJECTIONS TO PRESENTENCE INVESTIGATION REPORTS

**THIS MATTER** comes before the Court upon Defendants RYAN VEACH and CHARLES VEACH's Objections to their respective Presentence Investigation Reports (DE 170; DE 171), filed April 17, 2015 and April 21, 2015, respectively, Defendants RYAN VEACH and CHARLES VEACH's Memorandum of Law in Support of Objections to Presentence Investigation Report (DE 185), filed May 19, 2015, the Government's Sentencing Memorandum (DE 176), filed April 28, 2015, and the Government's Supplemental Sentencing Memorandum (DE 186), filed May 19, 2015.

## BACKGROUND

On May 5, 2015, the Court held a sentencing hearing in this matter. At the hearing, Defendants RYAN VEACH and CHARLES VEACH presented objections to their respective Presentence Investigation Reports (the "PSR(s)") (DE 166; DE 168), which credit Defendant RYAN VEACH with illegally harvesting 1,711 pounds of lobster

with a retail value of $30,798 and Defendant CHARLES VEACH with illegally harvesting 3,325 pounds of lobster with a retail value of $65,963. Defendants submit that the value of the lobster at issue in this matter are much less than what is stated in the PSRs, and that Defendants should not be subject to the concomitant base level increases that correspond to the value of lobster credited to them in the PSR.[1]

The PSRs are silent as to the method by which the Probation Office calculated the retail value of the lobster at issue in this case. However, at the hearing, the Government presented the testimony of Special Agent John O'Malley, who testified that the retail value was calculated by multiplying the poundage of lobster attributable to each Defendant (as established by trip tickets and witness interviews) by the retail price per pound for the relevant period (as established by reviewing a commercial seafood index, restaurant sales, interviews with other wholesalers across the state and country, and other publications). After hearing extensive argument surrounding the appropriate method for computing the retail price per pound, the Court took the matter under advisement and directed the parties to submit supplemental sentencing memoranda for the Court's consideration.

## DISCUSSION

The Sentencing Guideline applicable to Lacey Act charges, Section 2Q2.1(b)(3)(A) specifically uses the term "market value" when addressing valuation

---

[1] Pursuant to the Guidelines, Defendants' base offense levels are each subject to a six-level increase if the value of the lobster credited to them in the PSR stands. *See* USSG § 2B1.1(b)(1)(D) (if the amount was more than $30,000 but not more than $70,000, the base level is increased by six levels).

2

issues. Application Note 4 provides guidance that "'market value' under subsection (b)(3)(a) shall be based on the fair-market retail price[, and w]here the fair-market retail price is difficult to ascertain, the court may make a reasonable estimate using any reliable information . . . ."

Defendants argue that the Government has failed to establish that the retail price per pound used to establish the value of the lobster was calculated in a reasonable way. To wit, Defendants take issue with the Government's use of retail prices in China for Florida spiny lobster to calculate the value of the lobster,[2] as opposed to the price that Defendants were actually paid by wholesalers in Florida to whom Defendants sold the lobster or the price that the lobster fetched when sold locally by Florida seafood markets.[3] Thus, Defendants would have the Court base their sentences "on the domestic retail price offered to the general public in Monroe County, Florida, in 2009 and 2014 without considering the artificial price that the Chinese or other nationality would be willing to pay." DE 185 at 4.

The Court finds that Agent O'Malley's credible, reliable testimony as to the value of the lobster stands unrefuted. Agent O'Malley testified that a substantial market for Florida spiny lobster existed in China in 2009 and 2014, and the fair market retail price for Florida spiny lobster in China was $18.00 in 2009 and $22.86 in 2014. Defendants' assertion that the Court should compute the value of the lobster illegally harvested in this case by multiplying the *local* retail price by the poundage flies in the face of the purpose

---

[2] Specifically, $18.00 per pound in 2009 and $22.86 per pound in 2014.
[3] Specifically, $5.50 per pound in 2009 and $9.50 per pound in 2014.

3

of the Lacey Act, which criminalizes the selling of illegally harvested wildlife in *interstate or foreign commerce*. Accordingly, the Court finds that the fair market retail price must include foreign sales, and, therefore, the fair market retail price of Florida spiny lobster was $18.00 per pound in 2009 and $22.86 per pound in 2014.

## CONCLUSION

Accordingly, the Court resolves the objections as follows:

1. With respect to Defendant RYAN VEACH's objection to the PSR's calculation of the value of the 1,711 pounds of lobster he illegally harvested in 2009, the Court finds that his objection is **OVERRULED**; and the value of lobster attributable to Defendant RYAN VEACH is $30,798.00.

2. With respect to Defendant CHARLES VEACH's objection to the PSR's calculation of the value of the 3,325 pounds of lobster he illegally harvested in 2009 and 2014, the Court finds that his objection is **OVERRULED**; and the value of the lobster attributable to Defendant CHARLES VEACH is $65,963.00.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 27th day of May, 2015.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:   All Counsel of Record